IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROY MITCHELL

        Petitioner,                                   OPINION AND ORDER

      v.                                                   16-cv-556-wmc

WILLIAM E. HANRAHAN,

        Respondent.

---

      Petitioner Roy Mitchell, a transgender woman, seeks a writ of habeas corpus under 28 U.S.C.§ 2254. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Mitchell's request for relief is likely subject to dismissal for the reasons that follow.

## BACKGROUND

      Mitchell is currently in custody at the Dane County Jail in Madison, Wisconsin, but it is unclear from her petition exactly why she is imprisoned there. A search of publicly available records indicates that she pled guilty on August 4, 2016, to theft in violation of Wis. Stat. § 943.20(1)(a). She received a sentence of six months to be served in a local jail, and the record indicates that the sentence was "deemed served," even though her most recent filing, dated August 22, 2016, showed her address to be the Dane County Jail. *See State of Wisconsin v. Mitchell*, No. 2016CF562, *available at* https://wcca.wicourts.gov/caseDetails (last visited Aug. 23, 2016).

      Mitchell's pending petition does not address the sentence she is currently serving; rather, it challenges her sentence from her 2010 criminal conviction for child enticement. *State of Wisconsin v. Roy Mitchell,* No. 2009CF001876, *available at* https://wcca.wicourts.gov/caseDetails (last visited Aug. 25, 2016). On August 25, 2010, Mitchell pled no contest to that crime and received a sentence of 18 months in prison followed by 18 months of extended supervision. The court also required her to register as a sex offender, and public records indicate that her

registration is scheduled to end August 25, 2028.  *See* Offender Detail, *available at* http://offender.doc.state.wi.us/lop/detail.do (last visited Aug. 25, 2016). Mitchell did not appeal that conviction or sentence within the Wisconsin state court system, nor has she filed a postconviction motion pursuant to Wis. Stat. § 974.06.

OPINION

Mitchell is raising four grounds for relief: (1) her sentencing judge coerced and intimidated her into accepting a plea deal; (2) her appointed attorney did not object to the judge's practices; (3) the district attorney failed to object to the judge's practices; and (4) the judge violated the Wisconsin Code of Judicial Conduct. Mitchell's petition suffers from multiple problems, two of which likely require dismissal: (1) she does not appear to be in custody for the sentence she is attacking, and (2) regardless, her petition appears to be barred by the one-year statute of limitations.

**I.   Custody**

Federal district courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the laws or treaties of the United States." 28 U.S.C. § 2254(a).  A prisoner's petition for writ of habeas corpus is moot when that prisoner already has been released from custody unless there are sufficient "collateral effects" or "legal consequences." *Lane v. Williams*, 455 U.S. 624, 632-33 (1982); *Carafus v. LaVelle*, 391 U.S. 234, 238 (1968).

While it appears that she is currently in custody at the Dane County Jail, it also appears unlikely that her current custody is the result of the 2010 sentence because the entirety of her 2010 sentence was only 36 months and she pled guilty to subsequent criminal charges that resulted in a sentence of time to be served at the jail. If, in fact, she has already served the sentence she received from her 2010 conviction for child enticement, her petition is moot and must be denied, despite the fact that she is still a registered sex offender. *See Virsnieks v. Smith*,

521 F.3d 707, 719-20 (7th Cir. 2008) (finding that the Wisconsin sexual offender registration statute "does not impose a significant enough restriction on a registrant's movement" to fulfill the "in custody" requirement of a habeas proceeding).  Accordingly, I will direct Mitchell to submit a response to this order by answering the following question:  **Have you served your sentence in Dane County Case Number 2009CF001876, including any extended supervision and parole revocation time you may have been required to serve?**

Because any response will be considered as a "supplement" to her petition for a writ of habeas corpus, Mitchell must make sure to declare that any statements contained in his response are made under penalty of perjury.  28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).  Mitchell may have 30 days to file a supplement.  If she files it, the presiding judge will continue to assess her petition under Rule 4.  If, however, Mitchell fails to file a supplement within 30 days, the presiding judge will likely dismiss this petition as moot.

II.     **Statute of Limitations**

Even if Mitchell is still serving some part of her 2010 sentence, it appears her petition is untimely.  Petitions brought under § 2254 have a one-year statute of limitations that begins to run from the date on which the judgment of conviction is final.  That deadline may be extended if the state prevented the petitioner from filing earlier, if the Supreme Court has recognized a new constitutional right or if the petitioner has discovered new facts supporting his claim, but petitioner does not allege any of those circumstances. 28 U.S.C. § 2244(d)(1)(B)-(D).

According to the petition and electronic court records, Mitchell was sentenced on August 25, 2010.  Under Wis. Stat. § 809.30(2)(h), Mitchell had 60 days from receipt of the trial court transcript to file a notice of appeal or motion for post-conviction relief.  She did not pursue a direct appeal or post-conviction relief, so her conviction became final on October 26, 2010.  Her one-year clock for filing a federal habeas petition began running the next day, October 27, 2010, and it expired one year later, on October 26, 2011.

Mitchell waited to file her habeas petition for almost five years, until August 8, 2016, so it is plainly untimely under § 2244(d)(1)(A). While § 2244(d)(2) provides that the time during which a "properly filed application for state post-conviction or other collateral review" is pending is not counted toward any period of limitation, Mitchell did not attempt any sort of collateral review of this sentence in state court.[1]

An untimely petition may be saved if grounds exist to equitably toll the limitation period. Equitable tolling, however, is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Here, Mitchell's petition provides no reason why she failed to file her federal habeas petition within the one-year deadline. Although she complains that she was not aware of the applicable statute of limitations, "[l]ack of familiarity with the law . . . is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). Nonetheless, the Supreme Court has cautioned that before raising the statute of limitations on its own initiative, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). So that Mitchell may have an opportunity to present any valid reason to toll the statute of limitations in her case, she will be allowed, within the supplement she will file related to her custody, to show cause why her claims are not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

---

[1] Mitchell's failure to pursue any sort of appeal and/or collateral review subjects her petition to dismissal due to the doctrine of procedural default as well. Yet given that her petition suffers from other, more obvious problems, I will not require to show cause on this issue as well at this time.

ORDER

IT IS ORDERED THAT:

1. **Not later than September 30, 2016,** petitioner Roy Mitchell is directed show cause, if any, by responding, **in one supplement**, of this order, why:

    (a) her claims are not moot, by answering the following question:

    **Have you served your sentence in Dane County Case Number 2009CF001876, including any extended supervision and parole revocation time you may have been required to serve?**

    AND

    (b) her claims should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

2. Petitioner should label her document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements she makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

3. No further action will be taken in this case until petitioner files a response to this order. **Petitioner is advised that if she does not respond to this order as directed, the presiding judge will dismiss her petition as moot and untimely under Rule 4 of the Rules Governing Section 2254 Cases.**

Entered this 30th day of August, 2016.

        BY THE COURT:

        /s/

        STEPHEN L. CROCKER
        Magistrate Judge