IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROY MITCHELL,

        Petitioner,

v.

WILLIAM E. HANRAHAN,

        Respondent.

ORDER

16-cv-556-wmc

---

Petitioner Roy Mitchell, a transgender woman, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of the sentence imposed upon her in Dane County Case Number 2009CF001876. On August 30, 2016, this court issued an order to show cause, directing Mitchell to supplement her petition by explaining: (1) whether she served her sentence in Dane County Case Number 2009CF001876, including any extended supervision and parole revocation time she may have been required to serve, and (2) why her claims should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). (Dkt. #8.)

Mitchell submitted a supplement, in which she states that she is currently under community supervision. (Dkt. #9.) It appears that her community supervision is linked to another one of her criminal convictions, but the court need not resolve that issue because Mitchell did not respond to the court's order to show cause with respect to the one-year statute of limitations, which is fatal to her petition. As the court warned in its prior order, failure to respond to the show cause order will result in the "presiding judge . . . dismiss[ing] her petition as . . . untimely." (8/30/16 Order (dkt. #8) 5.)

As the court previously explained, petitions brought under § 2254 have a one-year

statute of limitations that begins to run from the date on which the judgment of conviction is final. That deadline may be extended if the state prevented the petitioner from filing earlier, if the Supreme Court has recognized a new constitutional right or if the petitioner has discovered new facts supporting his claim, but petitioner does not allege any of those circumstances. 28 U.S.C. § 2244(d)(1)(B)-(D).

According to the petition and electronic court records, Mitchell was sentenced on August 25, 2010. Under Wis. Stat. § 809.30(2)(h), Mitchell had 60 days from receipt of the trial court transcript to file a notice of appeal or motion for post-conviction relief. She did not pursue a direct appeal or post-conviction relief, so her conviction became final on October 26, 2010. Her one-year clock for filing a federal habeas petition began running the next day, October 27, 2010, and it expired one year later, on October 26, 2011. Mitchell waited to file her habeas petition for almost five years, until August 8, 2016, so it is plainly untimely under § 2244(d)(1)(A). While § 2244(d)(2) provides that the time during which a "properly filed application for state post-conviction or other collateral review" is pending is not counted toward any period of limitation, Mitchell did not attempt any sort of collateral review of this sentence in state court.

An untimely petition may be saved if grounds exist to equitably toll the limitation period. Equitable tolling, however, is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Here, however, Mitchell entirely failed to respond to the show cause order requiring her explain why her claims should not be dismissed as time-barred, and, as such, offers *no* reason that would justify tolling the limitation period. Although she may have been unaware of the applicable statute of limitations, "[l]ack of familiarity with the law . . . is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013).

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. Mitchell has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

ORDER

IT IS ORDERED that petitioner Roy Mitchell's petition for a writ of habeas corpus is DENIED and this matter is DISMISSED. A certificate of appealability is DENIED. If petitioner wishes she may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 21st day of September, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge